UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. PRICE by and through his guardian Joseph M. Price, <br><br> Plaintiff, <br><br> vs. <br><br> CHRYSLER LLC, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 4:09CV00232 ERW ) ) ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Chrysler LLC's Motion to Dismiss Plaintiff's Petition [doc. #4][1] and Plaintiff's Motion For Remand to State Court [doc. #10].

## I. THE EFFECT OF BANKRUPTCY ON THE POWER OF THE COURT

After the pending motions were filed, Chrysler LLC ("Defendant") filed a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the United States Bankruptcy code. A petition for bankruptcy will operate as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding]." 11 U.S.C. § 362(a). As a result, the Court must examine the effect of the bankruptcy filing on the Court's ability to consider Plaintiff's Motion for Remand.

---

[1] Because the Court finds that remand is appropriate in this case, the Court will not consider the motion to dismiss.

"[I]n addition to protecting the relative position of creditors," the bankruptcy stay exists "to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996). Other courts have examined the effect of a bankruptcy stay on a motions similar to the one currently pending before the Court. *See, e.g. MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561 (D. MD. 2003). *Id*. The court in *MTGLQ Investors* reasoned that granting a motion to transfer venue would not implicate the policy goals of the automatic stay, in that it would not disrupt the priority of creditors or interrupt the breathing period afforded to the debtor. *Id*. at 563.

This reasoning is sound. A ruling on the motion for remand to state court will not disrupt the order of creditors in bankruptcy, or interrupt the breathing period afforded to the Defendant. *See id.*; *Winters*, 94 F.3d 133. The Court's decision to remand this action to state court is essentially a lateral move to address a procedural issue, and it does not continue the case in any significant manner. *See* 11 U.S.C. § 362(a). Such a motion in no way affects the rights and duties of the either the Defendant as a debtor, or the Plaintiff as a potential creditor. As a result, the Court finds that the Motion to Remand may be addressed by the Court because the automatic bankruptcy stay does not limit the Court's ability to remand this action.

**II.     PLAINTIFF'S MOTION FOR REMAND**

**A.     BACKGROUND**

Christopher L. Price ("Plaintiff") is a former collective bargaining employee of Defendant. As a member of the United Auto Workers union ("UAW"), the terms of his employment were governed by a collective bargaining agreement ("CBA") between Defendant and the UAW. Plaintiff has been diagnosed with Schizoaffective disorder. As a result, his father, Christopher M. Price is his legal guardian, and possesses power of attorney.

On May 18, 2007, Plaintiff was terminated by Defendant. In August 2008, Plaintiff sought to be reinstated by the Defendant, but his request was denied. Plaintiff then filed a grievance pursuant to the terms of the CBA. After a period of negotiation between the UAW and Defendant, Defendant agreed to reinstate Plaintiff subject to the terms of a Conditional Reinstatement Agreement ("Agreement"). On or about October 15, 2008, Plaintiff signed the Agreement. It is disputed whether Plaintiff's father was present at this signing. Condition 2 of the Agreement stated that Plaintiff would be reinstated without back-pay or benefits for the period during which he was absent from his position. Further, the Agreement contained a provision stating Plaintiff had read, understood and agreed to the terms listed.

The present dispute stems from the Agreement. Plaintiff alleged that due to his Schizoaffective disorder, Condition 2 of the Agreement requiring Plaintiff to waive any claim to back pay is unconscionable, and must therefore be declared invalid. On January 2, 2009, Plaintiff filed a Petition for Declaratory Judgement in the St. Louis County Circuit Court. On February 11, 2009, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1441(b) and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claim was preempted by § 301 of the Labor Management Relations Act ("LMRA"). Plaintiff then filed the pending motion to remand to state court, contending that the LMRA does not preempt his claim, and asserting that the Court lacks sufficient federal subject matter jurisdiction to hear the case.

**B.     LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*,

336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). However, "[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 2002). A claim that is completely preempted by federal law is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 393 (1987) (citing *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 12 (1983)). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon state's rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 053 F.Supp. 296, 299 (E.D. Mo. 1997). If "at any time before

4

final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C.§ 1447(c).

**C.      DISCUSSION**

The issue before the Court is whether Plaintiff's claim for a declaratory judgment that Condition 2 of the Agreement is unconscionable is completely preempted by the LMRA. If the claim is preempted, the Court properly has jurisdiction over this action. *See* 29 U.S.C. § 185; *Caterpillar*, 482 U.S. at 393. Conversely, if this state law claim is not preempted by the LRMA, this action must be remanded because the Court would lack jurisdiction.

Claims may be preempted by the LMRA in two ways. First, there is complete preemption if the claim requires "the interpretation of some specific provision of a CBA." *Meyer v. Schnucks Markets, Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998). Alternatively, a claim may be completely preempted if the "plaintiff's claim itself is based on rights created directly by, or substantially dependent on an analysis of, a collective bargaining agreement." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). In this action, the Court is concerned with the first method above, and must consider whether this claim requires the interpretation of the CBA.

In conducting the preemption analysis, it is proper to begin with "an examination of the state claim itself." *Trustees of Twin City Bricklayers Fringe Ben. Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir. 2006). Plaintiff's claim is for a declaratory judgment that Condition 2 of the Agreement entered into between the Plaintiff and the Defendant is unconscionable. Complete preemption will not be found unless Plaintiff's declaratory judgment "require[s] the interpretation of some specific provision of a CBA; it is not enough that the events

5

in question took place in the workplace or that a CBA creates rights and duties similar or identical to those on which the state-law claim is based." *Meyer*, 163 F.3d at 1051.

Under Missouri Law, "[u]nconscionability has two aspects: procedural unconscionability and substantive unconscionability." *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006). Procedural unconscionability requires the consideration of "the formalities of making the contract" while substantive unconscionability inquires into "the terms of the contract itself." *Id.* (citing *Bracey v. Monsanto Co., Inc.*, 823 S.W.2d 946, 950 (Mo. banc 1992)). While both forms of unconscionability need to be present, they do not need to be present in equal amounts. *Repair Masters Const., Inc. v. Gary*, 277 S.W.3d 854, 858 (Mo. Ct. App. 2009).

In examining whether the Agreement is procedurally unconscionable, a court must examine the process through which the Agreement was reached.[2] A court will consider the circumstances surrounding the making of this Agreement. The inquiry into who was present and what information was conveyed would not require consideration or interpretation of any provision in the CBA. As a result, complete preemption is not triggered by the procedural unconscionability analysis.

To determine the existence of substantive unconscionability, a court performs an analysis of the terms of the Agreement, including Condition 2, which purports to waive Plaintiff's right to back pay. However, this analysis is limited to the Agreement, which is a separate contract from the CBA. As a result, no consideration or interpretation of any provision in the CBA would be

---

[2] Because the Agreement was ultimately the result of a grievance Plaintiff filed pursuant to the CBA, it is likely that consideration of procedural unconscionability would require a court to reference the grievance procedures under the CBA. Such referencing, however, does not rise to the level necessary to trigger LMRA preemption.

required, and the substantive unconscionability analysis would likewise not trigger complete preemption.

The LMRA preempts state law claims that require a state court to interpret, or give meaning to, specific provisions within a collective bargaining agreement. *Meyer*, 163 F.3d at 1051. No such interpretation of the CBA is required in this instance. While it is possible that the CBA may need to be referenced or considered in the course of resolving Plaintiffs' claim, any such consideration will not rise to the level of interpretation necessary to completely preempt Plaintiff's state law claim under the LMRA. The terms of the Agreement were negotiated apart from the CBA. This is not an attack on the CBA, but an attack on the Agreement.

Additionally, the Court notes that the Court's conclusion does not violate the policy behind LMRA preemption, which is to encourage "uniform interpretation of collective bargaining agreements." *Trustees of Twin City Bricklayers Fringe Ben. Funds*, 450 F.3d at 333. Remand is appropriate under this policy rationale as there is no danger that the CBA will be subjected to varying interpretations in this instance. The LMRA does not completely preempt this claim, and as a result, this Court does not have jurisdiction under 28 U.S.C. § 1331. Removal to federal court was improper, and Plaintiff's Motion for Remand is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court [doc. # 10] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [doc. # 4] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty First Judicial Circuit Court, St. Louis County, Missouri from which it was removed.

Dated this 23rd Day of July, 2009.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE